# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ADAM LANE**                                                                    **PLAINTIFF**
**ADC #155843**

**V.**                          **CASE NO. 5:18-CV-231-JM-BD**

**ISAAC WADE**, *et al*                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**    **Background**

Adam Lane, an Arkansas Department of Correction (ADC) inmate, filed this civil lawsuit under 42 U.S.C. § 1983, without the help of a lawyer. (Docket entry #2) In his complaints, Mr. Lane alleges that, on May 20, 2018, two inmates attacked him. (#2 at p.4, #5, #6) As a result of the attack, Mr. Lane's back and neck were injured. (#2 at p.4) In this lawsuit, he claims that Defendants Wade and Pierre failed to protect him from the

attack; that Defendants Griffin and Straughn failed to take any corrective action; and that Defendants retaliated against him for filing grievances on this matter. (#2; #5; #6)

Defendants have now moved for summary judgment on Mr. Lane's claims, arguing that he failed to fully exhaust his administrative remedies before filing this lawsuit. (#18) Mr. Lane has responded to the motion. (#22) The Defendants have replied to the response, and it is now ripe for review. (#23)

### III. Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"). An inmate's confusion about the exhaustion requirements does not excuse the duty to exhaust all administrative remedies. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

### IV. Discussion

During all times relevant to this lawsuit, the ADC grievance policy was set out in Administrative Directive (AD) 14-16. (#18-1) Under AD 14-16, inmates must fully exhaust their administrative remedies against all individuals that they intend to name as defendants in a § 1983 lawsuit before they file suit. (*Id*. at 17-18) Here, the undisputed

evidence shows that Mr. Lane fully exhausted one grievance (CU-18-00629) relevant to the issues in this lawsuit prior to filing his complaint.[1] (#2; #6; #18-3)

In grievance CU-18-00629, Mr. Lane first complains about pain in his back and neck. (#2, p.6; #18-2) He explains that he was injured when two Nazis attacked him while he was in handcuffs in the shower and goes on to allege that Nazis have ADC officers on their payroll. *Id.* In addition, Mr. Lane asks about the status of his emergency grievances and requests that his grievances be consolidated. He also asks that officials conduct a thorough investigation. *Id.* Mr. Lane states he does not know the identity of the attackers but that Defendants Wade and Pierre and Corporals Hawthorne and Lewis (not named Defendants) do know. *Id.* Finally, Mr. Lane alleges that inmates from two punitive isolation cells were out of their cells at the same time, in violation of ADC policy, and states that this violation is an on-going problem. *Id.*

The first official response to Mr. Lane's grievance from the problem solver indicated that disciplinary action had been taken against his attackers. (#2 at p.6) The warden explained that "your grievances are being processed in accordance with AD 14-16: Inmate Grievance Procedure. . . if you are having a medical issue you need to submit a sick call. Therefore, I find your complaint without merit." (#2, p. 7)

---

[1] Mr. Lane also provided grievance CU-18-1236 as evidence of exhaustion; however, CU-18-1236 was filed more than 15 days after the incident he complains about and it was properly rejected as untimely. (#22, p.4) Furthermore, Mr. Lane filed grievance CU-18-1236 on December 14, 2018, after he filed the complaint on September 10, 2018. (#22, p.4) Therefore, grievance CU-18-1236 could not have fully exhausted any of the claims brought in this lawsuit.

Mr. Lane appealed, explaining that he had filed a sick-call and had received medication for pain. In his appeal, he states: "[P]lease do not avoid the question why was two cells out at one time. I feel I am being retaliated against for utilizing grievance process, please do investigation." (#2, p.7)

The director responded to the appeal, concurring with the warden's decision and denying the appeal: "In reviewing your grievance, you addressed several issues, but only one was addressed. In your appeal, you stated that you had filed a sick-call and received medication for pain, which means this matter was handled at the unit level and considered resolved." (#2, p.8)

Terri Grigsby, the Inmate Grievance Supervisor for the ADC, testified that the ADC grievance policy allows only one issue per grievance, and that grievance CU-18-00629 included multiple issues. (#18-3 at p.3) It is undisputed that AD 14-16 clearly informs inmates that only one issue may be raised per grievance form and that any additional issues on the form will not be considered exhausted. (#18-1, p.5)

Of the multiple issues raised in grievance CU-18-00629, ADC officials responded only to Mr. Lane's complaint concerning medical care for pain in his neck and back. (#18-2; #18-3, p.3) Therefore, the only issue exhausted by grievance CU-18-00629 concerns medical care. Mr. Lane did not bring claims of inadequate medical care in this lawsuit.

Even if the ADC officials had addressed the other issues Mr. Lane raised in grievance CU-18-00629, the claims he raises in this lawsuit were not fully exhausted. In grievance CU-18-00629, Mr. Lane alleges that that Defendants Wade and Pierre knew

the identity of the attackers. He makes no allegations, however, that Defendants Wade and Pierre failed to protect him or that they were otherwise involved in wrongdoing. He makes no allegation in grievance CU-18-00629 that Defendants Straughn and Griffin failed to take corrective action, and he does not raise retaliation until his appeal.[2]

The undisputed evidence shows that Mr. Lane did not exhaust his failure-to-protect claims against Defendants Wade and Pierre, his corrective-inactions claims against Defendant Straughn and Griffin, or his retaliation claims prior to the date he filed this lawsuit.

## V.     Conclusion

The Court recommends that the Defendants' motion for summary judgment (#18) be GRANTED. Mr. Lane's claims should be DISMISSED, without prejudice, based on his failure to exhaust administrative remedies prior to filing suit.

DATED, this 5th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] AD 14-16 provides "Do not list additional issues, requests and/or names, which were not part of the original grievance, as they will not be addressed." (#18-1, p.11) Furthermore, the appeal form itself provides, as follows: "Do not list additional issues, which are not part of your original grievance as they will not be addressed." (#2, p.7) Raising an issue for the first time in the appeal process usually means the inmate will not be able to fully exhaust that issue. Where officials address an issue raised for the first time in an appeal, the exhaustion requirement may be excused. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). Here, the director did not address allegations of retaliation raised for the first time in the appeal; thus, Mr. Lane did not fully exhaust that claim.